**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CASE NO. 13-cr-00239-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**1.     THURMAN L. FOSTER,**

        Defendant.

_____

**DEFENDANT'S UNOPPOSED MOTION FOR AN EXCLUSION OF**
**120 DAYS FROM THE SPEEDY TRIAL ACT**

_____

Defendant Thurman Foster ("Mr. Foster"), by and through undersigned counsel ("counsel"), respectfully moves this Court to for an order excluding 120 days from the speedy trial computations.  In support of this motion, Mr. Foster states as follows:

     1.     A Grand Jury returned a sixteen count indictment against Mr. Foster on June 4, 2013 charging theft of public money, in violation of 18 U.S.C. § 641.  On July 1, 2013, Mr. Foster was arraigned on the indictment and entered a plea of not guilty.

     2.     The Court has set a trial date for August 26, 2013.  The seventy-day deadline pursuant to 18 U.S.C. §3161 is September 4. 2013.

     3.     18 U.S.C. § 3161(h)(7)(A) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(7)(B)(i) provides that a factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the

proceeding would be likely to make a continuation of such proceeding impossible, or result in the miscarriage of justice."  An additional factor, set forth in 18 U.S.C.§3161(h)(7)(B)(iv) is whether the failure to grant such a continuance "would deny counsel for the defendant... the reasonable time necessary for effective preparation taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).  Mr. Foster submits that this case meets this criteria and respectfully requests that the Court exclude 120 days from the Speedy Trial calculations.

In *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007), the Circuit observed that although "the trial court must make explicit findings regarding why granting the continuance will strike a proper balance between the ends of justice and the best interest of the public and the defendant in a speedy trial," it "need not articulate facts which are obvious and set forth in the motion for the continuance itself."(internal citations omitted) (quoting *United States v. Lattany*, 982 F.2d 866, 879 (3d Cir.1992)).

In *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir 1987), the Circuit outlined certain factors to consider when weighing whether a denial of a continuance is arbitrary or unreasonable.  These factors include the following:

A.     The diligence of the party requesting the continuance

After counsel's initial review of discovery, it is clear that the investigation required to prepare for trial will necessitate the time requested.  An initial evaluation of this case indicates that there are at least 20 witnesses that will need to be located, contacted and interviewed prior to trial.  These are National Guard recruits allegedly recruited by Mr. Foster as far back as 2007.   Although most of these witnesses appear to reside in the Colorado Springs area, some have relocated and it will take a great deal of time to track

2

them down, schedule interviews and conduct interviews.   Background investigations may also need to be conducted on many of these witnesses.

Discovery references conduct dating back to 2007.  Although discovery is not voluminous, at 500 pages counsel needs to organize and familiarize himself with all of this information, review these documents with Mr. Foster, and proceed accordingly.

It is anticipated that Mr. Foster's military records will be pertinent in this case. Counsel has already started the process of obtaining these records, but in counsel's prior experience, obtaining military records takes at least three months to obtain.

From an initial brief overview of discovery, it appears that the government's investigation began in 2007.  Thus, the government spent at least five years investigating the case before an indictment ensued.  Certainly, giving the defense 120 days to conduct its investigation and prepare for trial is not unreasonable.

While each case is different, in undersigned counsel's experience, multi-count indictments involving a large number of witnesses, require additional time to prepare for trial.  Given the volume of discovery and witnesses in this case, the defense cannot reasonably review all of the discovery, analyze potential defenses and locate and interview witnesses within the current speedy trial deadline.  To provide effective representation, a continuance of the current deadline is needed.

B.    The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance

A continuance of the trial in this matter would allow adequate time for counsel to accomplish the purposes set for above as the need for the continuance.  Mr. Foster requests a continuance so that the defense will have sufficient time to investigate the case, research the legal issues surrounding the case, file any necessary pretrial motions, and properly defend against the allegations.

C.    The inconvenience to the opposing party, its witnesses, and the court resulting from the continuance:

There is no information to suggest that the government or its witnesses would be inconvenienced by this requested continuance.  As set forth above, the government does not oppose this motion.  Counsel is not aware of any inconvenience that will result to this Honorable Court as a result of this requested continuance, but Counsel respectfully cannot  presume in any given instance that the Court would or would not be inconvenienced by this request.  Counsel does not intend inconvenience to this Court and knows of no particular aspect of this request which would cause such a problem.

D.    The need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance:

The need for the continuance is great.  Without such a continuance, counsel for the defendant would be denied "reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

4

Until all the discovery is reviewed, the necessary investigation has been completed, and the legal issues have been researched, counsel cannot effectively prepare pretrial motions and defend against the pending charges.  The harm that would result by this Court's denial of the request for a continuance would be great as it would deprive the defendant of adequate and competent counsel.  Without the requested continuance, the defense will be unable to prepare a defense in this case and counsel will not be able to provide effective assistance of counsel.

Under the factors set forth in *West*, *supra*, as well as the teachings of *Williams, supra, United States v. Toombs*, 475 F.3d 1262, 1268 (10th Cir. 2009), and *United States v. Medrano*, 2009 WL 45547801 *4-7 (08-1273)(10th Cir. December 7, 2009), even exercising due diligence undersigned counsel could not be prepared for trial within the time limits of the Speedy Trial Act.

4.      Because it would be unreasonable to expect adequate preparation for pretrial proceedings or the trial itself without the normal speedy trial limits, the Defendant respectfully requests that this Court vacate all current trial dates and allow a significant additional period of time to prepare this case for trial.  As a result, the defense respectfully requests that the Court exclude 120 days from the Speedy Trial limits.

5.      Undersigned counsel ("counsel")has contacted Assistant United States Attorney Martha Paluch and she does not oppose this motion.  Counsel will be out of the office during the week of July 15 through July 19, 2013.

5

WHEREFORE, Mr. Foster respectfully moves this Court for an order excluding 120 days from the speedy trial computations.  The defense further requests that this Court set the matter for a status hearing in 90 days.

Respectfully submitted,

WARREN R. WILLIAMSON
Federal Public Defender, Interim

s/ Matthew C. Golla
MATTHEW C. GOLLA
Assistant Federal Public Defender
633 - 17th Street, Suite 1000
Denver, Colorado   80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
E-mail: Matt_Golla@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Martha Ann Paluch, Assistant U.S. Attorney
E-mail: martha.paluch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. Thurman Foster
(Via U.S. Mail)

s/ Matthew C. Golla
MATTHEW C. GOLLA
Attorney for Defendant
Office of the Federal Public Defender
633 17th Street, Suite 1000
Denver, CO    80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Matt_Golla@fd.org