IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00239-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**1.    THURMAN L. FOSTER,**

       Defendant.

_____

**DEFENDANT'S SENTENCING STATEMENT
AND MOTION FOR VARIANT SENTENCE**
_____

Since *United States v. Booker*, 543 U.S. 220 (2005), the range of sentencing options has been significantly broadened. *See, e.g., Spears v. United States*, 129 S. Ct. 840 (2009); *Gall v. United States*, 552 U.S. 38 (2007); *Kimbrough v. United States,* 552 U.S. 85  (2007); *Rita v. United States*, 551 U.S. 338 (2007); *Cunningham v. California*, 549 U.S. 270 (2007).  A district court must "give respectful consideration to the Guidelines" but is permitted "to tailor the sentence in light of other statutory concerns as well." *Kimbrough*, 552 U.S. at 101 (internal quotations omitted).  Mr. Foster maintains that a detailed analysis of the factors set forth in 18 U.S.C. § 3553(a) compels a variant sentence of three years probation.

**I.      Nature of the Offense and the History and Characteristics of the Defendant**

    **A.      Nature of the Offense**

As part of its analysis, the Court must consider the nature of the offense.  *See* 18 U.S.C. § 3553(a)(1).  Here, Mr. Foster has pled guilty to theft of public money, in violation of 18 U.S.C. § 641.  This is felony offense, an offense that Mr. Foster deeply regrets.   Over the course of approximately three years, Mr. Foster received payments and referral bonuses while acting as a Recruiter Assistant ("RA") for the Army National Guard.  These payments totaled $31,000.  A large portion of the payments received by Mr. Foster were based on recruiting information received from an active Army Guard recruiter who was not criminally charged.[1]  Mr. Foster used the information to obtain the illegal bonus payments from the government.

The Guard Recruiting Assistance Program was designed to offer monetary assistance to RA's.  It is not disputed that Mr. Foster received money that he was not entitled to.  Money that belonged to the United States government.  It should be noted, however, that during his time as a recruiting assistant, Mr. Foster did  successfully recruit other individuals into the Army National Guard.

    **B.      History and Characteristics of the Defendant**

In addition to the nature of the offense, the Court must also consider the history and characteristics of the defendant.  *See* 18 U.S.C. § 3553(a)(1).  The instant offense represents a series of tragic decisions in an otherwise exemplary life.  This is Mr.

---

[1]This recruiter, who retired prior to the filing of the indictment in this case, knew Mr. Foster was in financial straits and did not share any of the bonuses with Mr. Foster.  The recruiter received an annual salary for his services and was not entitled to payments or referral bonuses outside his yearly salary.

Foster' first offense.  He rarely drinks and has never used illegal drugs.  PSI, ¶ 47-48.  He has maintained consistent employment, PSI, ¶¶ 51-56, and has served his country honorably in Desert Storm and Desert Shield.  Mr. Foster received the Good Conduct Medal and the Army Commendation Medal.  PSI, ¶57.

During the change of plea hearing on November 12, 2013, Mr. Foster was deeply upset, a reflection of his remorse and shame stemming from his actions that occurred several years ago.  Indeed, Mr. Fosters' actions in this case are in stark contrast to his past history of being a law-abiding citizen who served his country honorably and worked on a consistent basis since graduating from high school in Louisville, Kentucky.

**C.  Reconciling the Nature of the Offense with Mr. Foster's History and Characteristics**

Those individuals who know Mr. Foster best describe his as a good person who is deeply concerned about his family.  The PSI portrays Mr. Foster as someone who has a strong work ethic.  See PSI ¶¶ 51- 56.  Someone who right after his arrest, although abandoned by his wife and losing his military career, found the strength to begin a new career in the catering business.

Reconciling Mr. Foster's historically honest and law-abiding past with the dishonest crime that he committed is not easy.  Obviously Mr. Foster was faced with financial stress, and rather than admitting failure to himself and his family, he made a series of tragic decisions that led him to where he is today.   A decision that led to a felony conviction and a stain on his character.

3

While Mr. Foster's offense requires punishment, his historical character provides mitigation. Those who know him best insist that he is a good person in spite of his transgressions, and argue that his criminal actions defy his innate character. This conclusion is bolstered by the sincere regret that Mr. Foster has displayed to family and friends. In the end, a sentence of three years probation recognizes the serious nature of the offense while still giving due consideration to Mr. Foster's history and characteristics.

## II.     Sentencing Guidelines and Avoiding Unwarranted Disparities

In addition to the nature of the offense and history and characteristics of the defendant, the Court must consider the Sentencing Guidelines and the need to avoid unwarranted disparities. *See* 18 U.S.C. § 3553(a)(4-6). The PSI arrives at an advisory guideline range of 6 to 12 months. *See* PSI ¶ 63.

In the final analysis, however, the Guidelines provide a mere starting point for sentencing. Each individual is unique, and this Court will analyze all of the Section 3553(a) sentencing factors before imposing sentence on Mr. Foster. As detailed herein, the defense maintains that, regardless of the advisory guideline range, the Section 3553(a) factors as a whole support a three year probationary sentence. Because such a sentence recognizes Mr. Foster's unique characteristics and the fact that each criminal defendant is a unique person, there will not be any *unwarranted* sentencing disparities.

**III.     The Need to Provide Restitution**

Mr. Foster intends to work to try to repay the entire amount owed.  Throughout his life, he has demonstrated the ability to maintain employment.  By imposing a probation sentence, Mr. Foster will be able to maintain employment and continue paying this restitution.  Thus, the goals of Section 3553(a)(7) will be better achieved by a probationary sentence.

**IV.     A Sufficient, but not Greater than Necessary Sentence**

Finally, after considering all of the factors set forth in 18 U.S.C. § 3553(a), this Court must "impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]."  18 U.S.C. § 3553(a) (emphasis added).  These factors include the need to reflect the seriousness of the offense and promote respect for the law, to afford adequate deterrence, to protect the public from further crimes, and to provide the defendant with needed educational, vocational, and medical treatment.  *See* 18 U.S.C. § 3553(a)(2).  A probationary sentence of three years achieves these goals.

    **A.     The Need for Educational and Vocational Training**

A three year probationary sentence is sufficient for educational and vocational training purposes.  Mr. Foster has maintained consistent employment and always supported his family.  A probation sentence will allow Mr. Foster to continue working and pay off the restitution required in this case.

### B.     The Seriousness of the Offense and Promoting Respect for the Law

A three year probation sentence reflects the seriousness of the offense and promotes respect for the law.  While the offense was serious, Mr. Foster has taken full responsibility for that offense.  He now has his first conviction, a felony offense.  He has lost his wife to a separation, and his 2 year-old daughter has been shuffling between her parents' homes.

Mr. Foster understands that his own actions brought about these consequences.  He deeply regrets his actions and will do everything that he can to atone for his conduct.  Considering Mr. Foster's deep remorse for his actions and the collateral consequences already suffered, a probation sentence will adequately reflect the seriousness of the offense and will promote respect for the law.

### C.     The Need to Afford Adequate Deterrence and Protect the Public

Finally, a three year probation sentence will afford adequate deterrence and protect the public from further crimes.  As the PSI demonstrates, Mr. Foster's actions were out of character.  He has learned from his transgressions and has attempted to atone for his criminal actions.  The government became aware of his conduct nearly three years ago, and there has not been any repeat criminal activity.

Because Mr. Foster has never before had a prison sentence, a probation sentence is sufficient to deter future criminal conduct.

WHEREFORE, Mr. Foster respectfully requests that this Court impose a sentence of three years probation.

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender, Interim


        s/ Matthew C. Golla
        MATTHEW C. GOLLA
        Attorney for Defendant
        Office of the Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO    80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        Matt_Golla@fd.org

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 6, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

  Martha Ann Paluch, Assistant U.S. Attorney
  E-mail: martha.paluch@usdoj.gov


and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

  Mr. Thurman Foster
  (Via U.S. Mail)


            s/ Matthew C. Golla
            MATTHEW C. GOLLA
            Attorney for Defendant
            Office of the Federal Public Defender
            633 17th Street, Suite 1000
            Denver, CO   80202
            Telephone:  (303) 294-7002
            FAX:  (303) 294-1192
            Matt_Golla@fd.org